The Honorable Thomas W. McCarthy Senator, District 26 State Capitol Building, Room 331 Jefferson City, Missouri 65101
Dear Senator McCarthy:
This opinion is in response to your questions asking:
 Is there any violation of the Retail [Credit] Sales Act, Section 408, or the Federal Truth in Lending Act, Regulation Z, for a retail establishment to offer a discount in the purchase price because a customer agrees to pay cash versus using some form of credit as payment?
 A second related question is if a retail establishment honors a discount originally offered for payment by cash, when it provides credit to the customer, does this violate the Retail Credit Sales Act, Section 408, or the Federal Truth in Lending Act, Regulation Z?
You further explain your second question by stating:
 In the second example of the retail furniture store offering a discount for payment by cash, many retailers will not honor the discount once quoted should the customer change his mind and decide to finance the purchase through retail installment credit. They indicate to the customer that the discount is for cash purchase only.
The relevant section of the Missouri Retail Credit Sales Law, Sections 408.250 to 408.370 RSMo, is Section 408.300, RSMo 1986, which provides in part:
 408.300. Time charges, amount authorized on retail time contracts — retail charge agreements, time charges authorized. — 1. Notwithstanding the provisions of any other law, the seller or other holder under a retail time contract may charge, receive and collect a time charge, which shall be in lieu of any interest charges, except such as may arise under the terms of sections 408.250 to 408.370 after maturity of the time contract and which charge shall not exceed the following:
* * *
 3. The time charge shall include all charges incident to investigating and making any retail time transaction. No fee, expense, delinquency charge, collection charge, or other charge whatsoever, shall be charged, received, or collected except as provided in sections 408.250 to 408.370.
Subsection 3 of Section 408.300 quoted above forbids imposing a surcharge for credit. However, such subsection does not prohibit a discount for cash.
The relevant federal statute is 15 U.S.C. § 1666f(b) which provides:
 (b) With respect to any sales transaction, any discount from the regular price offered by the seller for the purpose of inducing payment by cash, checks, or other means not involving the use of an open-end credit plan or a credit card shall not constitute a finance charge as determined under section 1605 of this title if such discount is offered to all prospective buyers and its availability is disclosed clearly and conspicuously.
Subsection (b) specifically authorizes the seller to offer a discount for cash so long as the discount is offered to all prospective buyers and its availability is disclosed clearly and conspicuously. Regulation Z, 12 CFR 226, at Section 226.4(c)(8) implements the federal statute.
Furthermore, 15 U.S.C. § 1666j(c) provides:
 (c) Notwithstanding any other provisions of this subchapter, any discount offered under section 1666f(b) of this title shall not be considered a finance charge or other charge for credit under the usury laws of any State or under the laws of any State relating to disclosure of information in connection with credit transactions, or relating to the types, amounts or rates of charges, or to any element or elements of charges permissible under such laws in connection with the extension or use of credit.
A credit card issuer may not prohibit a retail establishment from offering discounts to customers, including cardholder customers, as an inducement to pay cash, pursuant to12 CFR 226.12(f)(1) which provides:
 (f) Discounts; tie-in arrangements. No card issuer may, by contract or otherwise:
 (1) Prohibit any person who honors a credit card from offering a discount to a consumer to induce the consumer to pay by cash, check, or similar means rather than by use of a credit card or its underlying account for the purchase of property or services; or
We have found no statutory requirement that a retail establishment must honor an offer to discount for cash when the customer originally indicates they will pay cash, but subsequently chooses to use credit. Therefore, we conclude the retail establishment need not honor a discount for cash if the customer chooses to use credit.
CONCLUSION
It is the opinion of this office that it is not a violation of the Missouri Retail Credit Sales Law, Sections 408.250 to408.370, RSMo, or a violation of the Federal Truth in Lending Act for (1) a retail establishment to offer a discount in the purchase price for payment by cash versus credit, and (2) a retail establishment to not honor a discount for cash if the customer chooses to use credit.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General